COMMONWEALTH *v.* THOMAS A. MACLEOD. May 30, 1980. The defendant appeals (G. L. c. 278, §§ 33A-33G) from the denial of his motion for findings of not guilty on two indictments under G. L. c. 266, § 16, for breaking and entering two buildings in the nighttime with intent to commit larceny. The defendant and the Commonwealth agreed that the evidence presented at the hearing on the defendant's motion to suppress would be admitted (with certain exceptions) at the trial (jury waived). In addition, the parties stipulated to other evidence, as discussed below. Upon that evidence, the Commonwealth rested, and the defendant filed his motion.

We conclude that there was sufficient evidence for the judge to find the essential elements of both charges beyond a reasonable doubt. See *Commonwealth* v. *Latimore*, 378 Mass. 671, 676-678 (1979). *Commonwealth* v. *Borans*, 379 Mass. 117, 134-135 (1979). Contrast *Commonwealth* v. *Rosenberg*, 379 Mass. 334 (1979). With regard to the breaking and entering at Wright's Exxon (Wright's) in Concord, the Commonwealth introduced evidence that on September 8, 1978, there was broken glass in Wright's window adjacent to the cash register, that the cash register had been opened and a small quantity of change taken. Wright's was also a rental agency for Avis Rent-A-Car, and ten keys to rental vehicles had been taken from a rack on the wall inside the station. The parties stipulated that Wright's had been broken into on the morning of September 8, 1978, that keys and cash were taken, and that the rental vehicle operated by the defendant at 3:45 A.M. (at the time of his arrest by police in Boston for making an improper left turn and driving without a license) had been taken from Wright's without the owner's permission. With regard to the breaking and entering of the Patriot Stamp Company (Patriot) at 97 Commonwealth Avenue, West Concord, located one-quarter mile from Wright's, the Commonwealth introduced evidence that on the morning of September 8, 1978, a Concord police officer observed that a window at

the rear of the store had been broken, that there was broken glass on the floor, and that boxes and stamps were strewn around the interior of the store. The parties stipulated to evidence that the four boxes of stamps found in the rental car being operated by the defendant at 3:45 A.M. had been in the store on September 7, 1978, "immediately prior to September 8, 1978," and that the owner had not given the defendant authority to take the stamps. Based on this evidence, the judge could reasonably infer that the defendant had committed a breaking and entering into Wright's and then into Patriot between the hours of midnight and 3:45 A.M. on September 8, 1978, and that one of the keys stolen from Wright's was used to start the stolen rental vehicle driven by the defendant, who was in possession of the recently stolen property (i.e., several keys, the rental vehicle, and the four cartons of stamps, as well as $222 in cash) at approximately 3:45 A.M. On the evidence, the judge was also warranted in finding that the defendant had committed the breaking and entering with intent to commit larceny. See *Commonwealth* v. *Eppich*, 342 Mass. 487, 493 (1961).

The judge could also have found that the defendant's actions and statements to police at the time of and subsequent to his arrest evidenced consciousness of guilt (see *Commonwealth* v. *Connors*, 345 Mass. 102, 105 [1962]), based on evidence that the defendant abandoned the rental vehicle when the police officers followed the vehicle into an alleyway, that he began to hurry away from the police, that, when asked for his license and registration, he denied any knowledge of the vehicle, that he later offered to make a deal with the police, and that he gave two inconsistent and bizarre explanations to the police for his possession of the cartons of stamps; namely, that he had found them on a railroad track, and that the owner of Patriot had asked the defendant to break into the building. (The evidence showed that the description of Patriot's owner given by the defendant to the police did not match the name or physical characteristics of the actual owner.)

The defendant's motion was properly denied as to both indictments.

*Judgments affirmed.*


*John P. Courtney* for the defendant.
*Phyllis J. Broker*, Assistant District Attorney, for the Commonwealth.

# SUMMARY DISPOSITIONS.

During the time of these Reports the following orders were made by the Appeals Court: